IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GARRY MEDLIN | ) | |
| | ) | |
| v. | ) | NO. 3:10-0654 |
| | ) | Campbell/Griffin |
| HONEYWELL ANALYTICS, INC. | ) | |

**S C H E D U L I N G   O R D E R**

By Order entered August 31, 2010, Docket Entry No. 9, Judge Campbell granted the motion of counsel to withdraw from representation of the plaintiff. Plaintiff was given until September 30, 2010, to obtain new counsel or he would be considered as proceeding *pro se*. To date, no attorney has entered an appearance on behalf of the plaintiff, and, therefore, plaintiff is considered as proceeding *pro se*. Inasmuch as the defendant filed its answer on September 28, 2010, Docket Entry No. 13, it is appropriate for a scheduling order to enter.

Therefore, pursuant to Federal Rule of Civil Procedure 16(b), all pretrial preparation in this action shall take place according to the following schedule.

**I. GENERAL COURT RULES AND PROCEDURES**

Any filing made with the Court must comply with Rule 5 of the Federal Rules of Civil Procedure, which requires that a copy of any filing made with the Court be sent to the opposing parties or their counsel and that the filing contain a certification stating that a copy has been sent, to whom, at what address, and on what date. Any filing which does not comply with this requirement will be returned and/or stricken from the record.

1

Each party is responsible for making and obtaining copies of any documents or filings sent to the Court. It is not the Court's responsibility to provide free copies of any documents to the parties. If a party desires to obtain a copy of a document in the official court file, the party should contact the clerk's office, with the docket entry number of the document if possible, about obtaining copies. The cost of copying is .50¢ per page.

The parties are required to keep both the Court and the opposing party or its counsel informed of their current addresses. The plaintiff's failure to keep the Court informed of his current address may result in a recommendation that this action be dismissed for failure to prosecute and for failure to comply with the Court's order.

## II. PRETRIAL DEADLINES

### Amendment of Pleadings

The parties shall have until **December 20, 2010,** to move to amend the pleadings.

### Discovery

All discovery shall be completed by **January 31, 2011**. By this, the Court means that all written discovery should be served far enough before the discovery completion date, i.e. at least thirty days prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline. For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.

Any party seeking to serve written discovery upon another party which would result in responses being served after the discovery completion deadline must obtain leave of the Court to serve untimely discovery requests.

Written discovery should be sent to the opposing party and should not be filed with the Court, nor should a copy of the written discovery be sent to the Court unless it is filed as an attachment to a motion. A Court order is not required for a party to engage in discovery and discovery is not stayed upon the filing of any motion unless specifically ordered by the Court.

### Discovery Motions

All discovery motions must be filed by **January 31, 2011**. All discovery motions must comply with the applicable requirements contained in Rules 26-37 of the Federal Rules of Civil Procedure and Rule 37.01 of the Local Rules of Court.

### Dispositive Motions

All dispositive motions to dismiss and for summary judgment shall be filed by **February 18, 2011.**

### Other Motions

Any other motions (other than in limine or related to trial matters) must be filed by **February 18, 2011**.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge