IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARRY MEDLIN | ) |
| | ) |
| v. | ) NO. 3-10-0654 |
| | ) JUDGE CAMPBELL |
| HONEYWELL ANALYTICS, INC. | ) |

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 42). For the reasons stated herein, Defendant's Motion is GRANTED.

## FACTS

Plaintiff has sued his former employer, Defendant Honeywell Analytics, Inc. ("Honeywell"), alleging age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Tennessee Human Rights Act ("THRA"), disability discrimination under the Americans with Disabilities Act ("ADA") and the THRA, retaliation and interference under the Family and Medical Leave Act ("FMLA"), and a state law claim of retaliatory discharge related to his worker's compensation claim. Docket No. 1. Defendant has moved for summary judgment on all of Plaintiff's claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

AGE DISCRIMINATION

Plaintiff alleges that he was discharged "solely because of Plaintiff's age." Docket No. 1, ¶ 20. In order to establish a claim for age discrimination, Plaintiff must show that (1) he is a member of a protected class; (2) he was discharged; (3) he was qualified for the position he held; and (4) he was replaced by a person outside the protected class. *Jones v. Shinseki*, 804 F.Supp.2d 665, 671 (M.D. Tenn. 2011).[1] The protected class includes all workers at least 40 years old, and the fourth element has been modified to require replacement not necessarily by a person outside the protected class, but replacement by a significantly younger person. *Grosjean v. First Energy Corp.*,

---

[1] Claims brought under the THRA have traditionally been subject to the same analytical framework as federal employment discrimination claims. In *Gossett v. Tractor Supply Co., Inc.*, 320 S.W.3d 777, 785 (Tenn. 2010), the Tennessee Supreme Court held that the *McDonnell Douglas* burden-shifting framework is inapplicable at the summary judgment stage. Federal courts have held that *Gossett* established a Tennessee rule of procedure, however, and federal courts must follow federal procedure. *See, e.g., Reed v. Inland Intermodal Logistics Services, LLC*, 2011 WL 4565450 at * 5 (W.D. Tenn. Sept. 29, 2011) (citing cases). Moreover, the Tennessee General Assembly explicitly overruled *Gossett* in enacting Tenn.Code Ann. § 4-21-311(e), which sets forth the burden of proof in discrimination and retaliation cases.

2

349 F.3d 332, 335 (6th Cir. 2003) (citing *O'Connor v. Consol. Coin Caterers Corp.*, 116 S.Ct. 1307 (1996)).

If Plaintiff is able to establish a *prima facie* case of age discrimination, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for any adverse employment action. *Schoonmaker v. Spartan Graphics Leading, LLC*, 595 F.3d 261, 264 (6th Cir. 2010); *Jones*, 804 F.Supp.2d at 672 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).[2] If Defendant meets this burden, the burden shifts back to Plaintiff to show that Defendant's explanation was a mere pretext for intentional age discrimination. Id.

To prevail on his age discrimination claim, Plaintiff bears the ultimate burden to show that age was a determining factor in the adverse employment decision. *Young v. State Farm Mut. Automobile Ins. Co.*, 868 F.Supp. 937, 943 (W.D. Tenn. 1994). Regardless of the type of evidence submitted, the burden of persuasion remains on the ADEA plaintiff to demonstrate that age was the "but for" cause of his employer's adverse action. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011).

It is undisputed that Plaintiff was within the protected class and was discharged from his job. Defendant asserts that Plaintiff cannot show he was qualified for the position because he failed to perform his job satisfactorily. Yet Defendant's alleged nondiscriminatory reason for firing Plaintiff is the same significant performance deficiencies, and the Court cannot consider that reason at this

---

[2] The Sixth Circuit has held that the *McDonnell Douglas* framework may still be used to analyze ADEA claims based on circumstantial evidence. *Geiger v. Tower Automobile*, 579 F.3d 614, 422 (6th Cir. 2009); *Schoonmaker*, 595 F.3d at 264.

stage of the analysis. Contrary to Defendant's argument,[3] the Sixth Circuit holds that a court may not consider the employer's alleged nondiscriminatory reason for taking an adverse employment action when it is analyzing the plaintiff's *prima facie* case. *Schoonmaker*, 595 F.3d at 264 (citing *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 574 (6th Cir. 2003)). The Court cannot resolve the dispute concerning Plaintiff's work performance at the *prima facie* stage:

> Rather than resolve this debate at the prima facie stage, *McDonnell Douglas* requires that the district court consider this dispute at the inquiry's third stage, when its role is to decide the "ultimate question" of discrimination. In other words, when assessing whether a plaintiff has met her employer's legitimate expectations at the prima facie stage of a termination case, a court must examine plaintiff's evidence independent of the nondiscriminatory reason "produced" by the defense as its reason for terminating plaintiff.

*Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660-61; *see also Provenzano*, 663 F.3d at 813-14 (examination of plaintiff's qualifications must be conducted independently of defendant's proffered nondiscriminatory reason).

Plaintiff was hired by Defendant and had worked in this job for two years prior to his termination. Docket No. 48, ¶ 3. The Court finds that Plaintiff has, at a minimum, raised genuine issues of material fact as to whether he was qualified for the position.

Defendant also claims that Plaintiff cannot show that he was replaced by someone substantially younger than he. Defendant asserts that Plaintiff was not replaced by anyone; rather, his job duties were divided among and absorbed by the other Regional Sales Managers. Plaintiff was fired in July of 2009. Defendant has stated that it hired Lori Levange in October 2009 and she

---

[3] Defendant asks this Court to improperly import the later stages of the *McDonnell Douglas* inquiry into the initial *prima facie* stage. *See Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660 (6th Cir. 2000).

assumed Plaintiff's duties until November 2009, when William Sudah assumed Plaintiff's duties. Docket No. 49-1, ¶ 8.

Although Plaintiff contends that there are genuine issues of material fact as to whether he was replaced with someone substantially younger than he, Plaintiff has not presented evidence as to the ages of Ms. Levange or Mr. Sudah. Plaintiff argues that Defendant does not contend that these persons are not significantly younger than Plaintiff, but Plaintiff bears the burden of proof on this issue, not Defendant. Although he alleges it in the Complaint, Plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether he was replaced by someone substantially younger than he. Therefore, Plaintiff has not established his *prima facie* case of age discrimination.[4]

Even if Plaintiff could establish his *prima facie* case of age discrimination, Defendant has asserted a legitimate, nondiscriminatory reason for Plaintiff's discharge: poor performance, measured objectively through specific numeric sales goals. Defendant has shown that Plaintiff understood he was evaluated based upon his sales performance. Docket No. 48, ¶ 10. Plaintiff began to fall behind in his sales goals in 2008. *Id.*, ¶¶ 13-14. Plaintiff failed to meet his sales goals in 2008. *Id.*, ¶ 16. In the fall of 2008, Defendant's management met with Plaintiff and advised him that he would be put on a performance improvement plan ("PIP") if his sales numbers did not improve. *Id.*, ¶ 17. His performance did not improve. *Id.*, ¶ 18. Defendant placed Plaintiff on the PIP in March of 2009 and advised that he was being placed on a sixty-day PIP. *Id.*, ¶¶ 37-38.

---

[4] The Court also notes that the person who hired Plaintiff when Plaintiff was 50 years old is the same person who ended Plaintiff's employment. Docket No. 48, ¶¶ 7 and 54-55. Under the "same person inference," one may infer a lack of discrimination from the fact that the same individual both hired and fired the employee. *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 463 (6th Cir. 1995); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 572-73 (6th Cir. 2003).

Plaintiff knew that if he did not make the goals articulated in the PIP by April 30, 2009, he would be subject to discipline, including termination. *Id.*, ¶ 44. Plaintiff did not meet those sales goals, despite the PIP being extended for thirty days. *Id.*, ¶¶ 45, 47 and 52.

The Court finds that Defendant has articulated a legitimate, nondiscriminatory reason for its actions. The burden then shifts to Plaintiff to show that Defendant's reason is actually a pretext for disability discrimination. *Whitfield v. Tennessee,* 639 F.3d 253, 259 (6th Cir. 2011).[5] To satisfy this burden, Plaintiff must show, by a preponderance of the evidence, that (1) the proffered reason had no basis in fact, (2) that the proffered reason did not actually motivate his discharge, or (3) the proffered reason was insufficient to motivate the discharge. *Jones v. Potter,* 488 F.3d 397, 406 (6th Cir. 2007); *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 883 (6th Cir. 1996). The plaintiff may also demonstrate pretext by offering evidence which challenges the reasonableness of the employer's decision to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 393 (6th Cir. 2008).

Plaintiff challenges the reasonableness of Defendant's decision by arguing that the PIP developed for Plaintiff involved unreasonable standards for performance, particularly in light of Plaintiff's alleged disability. Plaintiff claims that the requirements of his PIP placed additional burdens on him which were not placed on other sales managers.

The Sixth Circuit Court of Appeals has held that so long as the employer honestly believed in the proffered reason for its employment action, the employee cannot establish pretext even if that

---

[5] The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all time with the plaintiff. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 392 (6th Cir. 2008).

6

reason is ultimately found to be mistaken, foolish, trivial or baseless; but, the employer must be able to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made in order to avoid a finding of pretext. *Ramey v. Vacumet Corp.*, 2012 WL 252403 at * 5 (E.D. Tenn. Jan. 26, 2012) (citing *Smith v. Chrysler Corp.*, 155 F.3d 799, 806 (6th Cir. 1998)); *see also Harrigan v. Dana Corp.*, 612 F.Supp.2d 929, 945 (N.D. Ohio 2009). The key question in assessing whether an employer holds such an honest belief is whether the employer made a reasonably informed and considered decision before taking the complained-of action. *Sybrandt v. Home Depot, U.S.A., Inc.*, 560 F.3d 553, 559 (6th Cir. 2009).[6]

Here, Plaintiff admits that Defendant waited a period of time after Plaintiff's car accident before implementing the PIP. In addition, Defendant gave Plaintiff an additional thirty days to try to meet his sales goals. Plaintiff knew that if he did not make the goals articulated in the PIP by April 30, 2009, he would be subject to discipline, including termination. Plaintiff did not meet the stated objectives of his PIP. There is no evidence before the Court that Plaintiff asked for different goals or sought to change his PIP before the time limitations ran. Given this history and the facts before it at the time, Defendant's decision to terminate Plaintiff's employment was reasonably informed and considered and was not pretext for discrimination.

For all these reasons, Defendant's Motion for Summary Judgment on Plaintiff's age discrimination claim is granted, and that claim is dismissed.

---

[6] "In deciding whether an employer reasonably relied on the particularized facts before it, we do not require that the decisional process used by the employer be optimal or that it left no stone unturned. Rather the key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action." *Smith*, 155 F.3d at 807.

7

## DISABILITY DISCRIMINATION

To make out a *prima facie* case of employment discrimination under the ADA and THRA, Plaintiff must show that (1) he is disabled, (2) he is otherwise qualified for the position, with or without reasonable accommodation, (3) he suffered an adverse employment action, (4) Defendant knew or had reason to know of Plaintiff's disability, and (5) the position remained open while Defendant sought other applicants or the disabled individual was replaced. *Whitfield,* 639 F.3d at 258-59.[7]

Plaintiff alleges that, at all relevant times, he had a disability as defined by the ADA and the THRA. Under the ADA, as amended in 2008, "disability" is defined, as relevant to this case, as a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1)(A). Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating and working. 42 U.S.C. § 12102 (2)(A).

Plaintiff argues that injuries from a car accident made it difficult for him to sit for long periods and that he had difficulty climbing stairs and ladders, carrying heavy things, sleeping, engaging in sexual activity and general "day-to-day stuff." He contends that these are substantial limitations to major life activities. Defendant argues that Plaintiff's doctor released him to come

---

[7] A claim brought under the Tennessee Handicap Act is analyzed under the same principals as those utilized for the ADA. *Sasser v. Quebecor Printing (USA) Corp.*, 159 S.W.3d 579, 584 (Tenn. Ct. App. 2004); *Peters v. Interstate Warehousing, Inc.*, 2012 WL 10609 at * 11 (M.D. Tenn. Jan. 3, 2012).

8

back to work on January 9, 2009, and that Plaintiff has held at least three different full-time jobs since he left Honeywell, so he cannot show that he is substantially limited in a major life activity.

Congress enacted the ADA Amendments Act in 2008 in order to reinstate a broad scope of protection to be available under the ADA. *Milholland v. Sumner County Bd. of Educ.*, 569 F.3d 562, 566 (6th Cir. 2009).[8] The Court finds that, given that broad scope of protection, Plaintiff has shown a genuine issue of material fact as to whether he is disabled as defined in the amended statute.

Plaintiff must next show that he is otherwise qualified for the position, with or without accommodation. Under the ADA, as amended, "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds. Consideration shall be given to the employer's judgment as to what functions of a job are essential. 42 U.S.C. § 12111(8).

Once again, Defendant argues that Plaintiff was not qualified to perform his job. But, because analysis under the ADA uses the *McDonnell Douglas* burden-shifting framework, Defendant's asserted reason for the firing cannot be considered at this *prima facie* stage of the inquiry. The Court finds that Plaintiff has shown a genuine issue of material fact as to whether he was otherwise qualified for the position.

It is undisputed that Plaintiff suffered an adverse employment action. Defendant argues that it neither knew nor had reason to know of Plaintiff's disability, particularly because Plaintiff submitted a doctor's note releasing him to return to work without restriction. Plaintiff, citing the

---

[8] For example, the regulations implementing the amendments to the ADA provide that in determining major life activities, the term "major" shall not be interpreted strictly to create a demanding standard for disability. 29 C.F.R. § 1630.2 (i)(2). Moreover, the term "substantially limits" is not meant to be a demanding standard and shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. 29 C.F.R. §1630.2(j)(1)(i).

9

deposition of Defendant's human resources manager, argues that he raised the issue of his injuries and the impact on his ability to perform the functions of his job at a meeting prior to the decision to terminate his employment. Docket No. 49-4, pp. 81-96, 108-111. The Court finds that there are genuine issues of material fact as to what Defendant knew concerning Plaintiff's alleged disability and when Defendant knew it.

With regard to whether the position remained open while Defendant sought other applicants or the disabled individual was replaced, neither party addresses this element in their arguments concerning the ADA. Defendant has argued that Plaintiff was not replaced but, rather, his duties were absorbed by other employees. Again, although he alleges it in his Complaint, Plaintiff has not shown that Ms. Levange and/or Mr. Sudah was not disabled.

Nonetheless, even if Plaintiff had established his *prima facie* case of disability discrimination, the Court finds, as explained above, that Defendant's asserted nondiscriminatory reason for Plaintiff's discharge is not pretextual. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's disability discrimination claim is denied.

## FAMILY AND MEDICAL LEAVE ACT

Federal law provides that an eligible employee is entitled to a total of 12 workweeks of leave during any 12-month period because of a "serious health condition"[9] that makes the employee unable to perform the functions of his or her position. 29 U.S.C. § 2612 (a)(1)(D). It is unlawful for any employer to interfere with, restrain or deny the exercise of or the attempt to exercise any right provided under the FMLA. 29 U.S.C. § 2615. Plaintiff contends that Defendant discharged

---

[9] "Serious health condition" is defined as an illness, injury, impairment or physical or mental condition that involves inpatient care in a hospital, hospice or residential medical facility or continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

him because he attempted to exercise his FMLA rights. Plaintiff also asserts that Defendant interfered with his FMLA rights. Docket No. 1.

To prevail on an FMLA interference claim, Plaintiff must establish that (1) he is an eligible employee, (2) Defendant is an employer as defined under the Act, (3) he was entitled to leave under the FMLA, (4) he gave Defendant notice of his intention to take leave, and (5) Defendant denied him FMLA benefits to which he was entitled. *Donald v. Sybra, Inc.*, __ F.3d __, 2012 WL 117613 at ** 2-3 (6th Cir. Jan. 17, 2012); *Cavin v. Honda of America Manufacturing, Inc.*, 346 F.3d 713, 719 (6th Cir. 2003). As to the final element, if an employer takes an employment action based, in whole or in part, on the fact that the employee took FMLA-protected leave, the employer has denied the employee a benefit to which he is entitled. *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 447 (6th Cir. 2007).

To establish a *prima facie* case of FMLA retaliation, Plaintiff must show that (1) he was engaged in an activity protected by the FMLA, (2) Defendant knew that he was exercising his rights under the FMLA, (3) after learning of Plaintiff's exercise of rights under the FMLA, Defendant took an employment action adverse to him, and (4) there was a causal connection between the protected FMLA leave and the adverse employment action. *Donald* at * 3.

Where there is no direct evidence, a court is to use the *McDonnell Douglas* burden-shifting framework in determining an employee's FMLA retaliation or interference claims. *Donald*, 2012 WL 117613 at ** 3-4. Therefore, even if Plaintiff could establish his *prima facie* FMLA claims, just as with the ADEA and ADA claims, Plaintiff has failed to show that Defendant's legitimate, nondiscriminatory reason for his firing was pretextual. Plaintiff ultimately has failed to show that the reason for his termination was his use of or attempt to use FMLA leave.

11

Accordingly, Defendant's Motion for Summary Judgment on the FMLA claims is granted, and those claims are dismissed.

## RETALIATORY DISCHARGE

Having dismissed Plaintiff's federal claims, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law retaliatory discharge claim.[10] 28 U.S.C. § 1367(c)(3). That claim is dismissed without prejudice.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 42) is GRANTED, and Plaintiff's claims are DISMISSED.

IT IS SO ORDERED.

*[signature: Todd Campbell]*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[10] The Court also notes that a civil action in state court arising under the worker's compensation laws of that state may not be removed to any district court of the United States. 28 U.S.C. § 1445(c). *See also Thompson v. Cort Furniture Rental Corp.*, 797 F.Supp. 618, 619 (W.D. Tenn. 1992) and *Brown v. Fedex Freight, Inc.*, 2010 WL 1963385 (M.D. Tenn. May 17, 2010).